IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:14-CV-02217 |
| DOES 1-25, | ) |
| Defendants. | ) |

### DEFENDANT DOE 20'S MOTION TO QUASH SUBPOENA

COMES NOW, Doe 20, and files this Motion to Quash Subpoena. Doe 20 would respectfully show the Court as follows.

1. On August 6, 2014, the Court ordered Comcast of Texas, Inc. to produce the names and permanent addresses of each person whose IP address was allegedly implicated in downloading a "bootleg" copy of the critically acclaimed movie, *The Dallas Buyers Club*. (Dkt. No. 7).

2. In regard to Doe 20, the subpoena should be quashed. As set forth in the Declaration of Brandon Bridges, Doe 20's roommate, **not Doe 20**, downloaded the movie which is implicated in Plaintiff's lawsuit. (Attached is a true and correct copy of the Bridges Declaration setting forth his actions in downloading the movie). While the burden is generally "heavy," *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998), to show that

compliance with a subpoena would be unreasonable and oppressive, here that standard is easily met.

3. Doe 20 has supplied, in the form of the attached Declaration, the name of the person who admits to downloading the movie from the IP address that Comcast assigned to Doe 20's computer. Doe 20's roommate had access to Doe 20's computer and downloaded the movie without Doe 20's knowledge. (Bridges Dec. at ¶¶ 2-3). Inherent in this fact is that Doe 20 did not commit the act alleged in Plaintiff's complaint. (Dkt. No. 1). Moreover, to reiterate, Doe 20 was not aware of this alleged use of Doe 20's computer until Doe 20 received the "ISP Letter" from Comcast on August 27, 2014. (Bridges Dec. at ¶ 3).

4. Thus, in addition to violating basic notions of fairness, it would be an under burden, Fed. R. Civ. P. 45(d)(3)(A)(iv), to publicly disclose Doe 20's identity as a person alleged to be engaged in Internet piracy or theft, especially where Doe 20 has supplied proof that Doe 20 did not commit the act in question. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

4. For all the foregoing reasons, the Court, as to Doe 20, should quash the subpoena.

**Respectfully submitted this 26th day of September, 2014.**

 

Al Staehely, Jr.
The Law Offices of Al Staehely, Jr.
511 Stuart Street, Suite 100
Houston, Texas 77006
(P): 713.528.6946
(F): 713.528.4817
al@music-lawyer.com
ATTORNEY-IN-CHARGE
S.D. Tex. No. 8888

## Certificate of Service

    I hereby certify that a true and correct copy of the foregoing was served on Plaintiff via CM/ECF and a true and correct copy was transmitted via facsimile to Comcast of Texas, Inc. as directed by it in its letter to Doe 20 (August 27, 2014) on this 26th day of September, 2014.

Comcast of Texas, Inc.
3500 North St. Paul St. #2900
Dallas, Texas 75201
(F): 866.947.5587

Kenneth A. Vogt
Takiguchi & Vogt, LLP
1415 W 22nd St, Tower Floor
Oak Brook, IL 60523

Al Staehely, Jr.