IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Dallas Buyers Club, LLC | ) |
| | ) |
| | ) Case: No. 4:14-cv-002217 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Does 1-25, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DOE #20'S MOTION TO QUASH SUBPOENA**

Plaintiff requests that Doe #20's motion to quash the subpoena be denied. In support, Plaintiff states as follows:

1.   Doe #20 claims that the subpoena should be quashed since Doe #20's roommate downloaded the move. (Dkt. 8, ¶ 2). A supporting declaration of the roommate was attached to the motion. (Dkt. 8-1).  Doe #20 also claims that it would be unfair to publically disclose their identity. (Dkt. 8, ¶ 4).

2.   To the extent the motion is based on privacy concerns or an argument on the merits, it should be denied at this juncture:

> [E]ven if the objection was addressed on the merits, it would still fail. Doe 23's objection appears to be grounded in privacy concerns and a denial of liability. As to the expectation of privacy, "courts have held that Internet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Provider." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co*. v. Does 1-4, 736 F. Supp. 2d 212, 216 (D.D.C. 2010) (citing cases). In regard to Doe 23's denial of liability, the merits of this case are not relevant at this stage of the proceedings. *Id*. at 215 ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."). Only challenges to the validity and enforceability of the subpoena may be raised at this juncture.

*TCYK, LLC v. Doe*, 2013 U.S. Dist. LEXIS 116211, at *3, 2013 WL 4434451 (E.D. Wis. Aug.

16, 2013); *Dallas Buyers Club LLC v. Does*, 2014 U.S. Dist. LEXIS 103294, at *3 (E.D. Wis. July 28, 2014)("Even if the subscriber is not the alleged infringer, that person may lead to the alleged infringer. Without connecting the IP address to a person, DBC would have no way of prosecuting infringement of its claimed copyright. Courts have declined to prohibit discovery because the subscriber may not be the individual who the plaintiff copyright holder actually wants to find.").

3. Doe #20's motion should be denied. There is no way to test the accuracy of the declaration. Moreover, even if the roommate is indeed the infringer, without the requested address of Doe #20, there is no way to even find the declarant. Quashing the subpoena will prevent Plaintiff from pursuing its claim against the true infringer.

WHEREFORE, Plaintiff respectfully requests that the motion be denied.

DATED:  October 16, 2014                               Respectfully submitted,

                                            Takiguchi & Vogt, LLP
                                            1415 West 22nd Street, Tower Floor
                                            Oakbrook, IL 60523
                                            (630) 974-5707
                                            Attorneys for Plaintiff

By:    /s/ Keith A. Vogt, Partner
       KVogt@takiguchiandvogt.com
       (IL Bar 6207971)

Certificate of Service

I certify that on October 16, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Keith A. Vogt